FILED & JUDGMENT ENTERED
Christine F. Winchester

February 3 2025

Clerk, U.S. Bankruptcy Court
Western District of North Carolina

_Laura T Beyer_
Laura T. Beyer
United States Bankruptcy Judge

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION

| | |
|---|---|
| In Re: ) | |
| ) | |
| RONALD MARSHALL HEAFNER, II,   ) | Case No:  24-30968 |
| ) | Chapter 13 |
| Debtor.    ) | |

CONSENT ORDER

    This matter is before the Court on the Motion of SN Servicing Corporation, servicing agent for U.S. Bank Trust National Association, as Trustee of the Lodge Series III Trust ("Movant") for relief from the automatic stay and for relief from the codebtor stay 11 U.S.C. §§362(d)(4), 362(d)(1) and § 1301, and the Court having been informed by all parties that the matters in controversy have been resolved by agreement finds and concludes as follows:

    1.    Movant is the holder or servicer of the Note and Deed of Trust referenced in the Motion filed herein.  Movant has a lien pursuant to the Deed of Trust against the Debtor's real property located at 900 Union New Hope Road, Gastonia, North Carolina (the "Property").

    2.    The Note has matured by its terms.

    3.    Movant filed its Motion on January 3, 2025, seeking In Rem relief from the Automatic Stay (11 U.S.C. § 362(d)(4) based on the Debtor's serial filing of multiple bankruptcy petitions for the purpose of stopping a valid foreclosure proceeding of the Property.

    4.    Movant has incurred reasonable attorney fees and costs of $649.00 in connection with the Motion.

    THEREFORE, it is ORDERED, ADJUDGED, AND DECREED that:

1. The Debtor shall make regular monthly plan payments (currently set at $3,665.00) to the Chapter 13 Trustee.

2. Movant shall be granted relief from the automatic stay with respect to the Property and without further Order of the Court in the event the Debtor fails to make any regular monthly post-petition payment to the Trustee, beginning with the January 2025 payment, and such payment is not received by the Trustee within the month that it is due.

3. The conditional relief from stay shall remain in effect for any payments that become due within twelve (12) months from the entry date of this Order.

4. In the event Movant is granted relief from stay under the provisions herein, Movant shall give written notice to the Debtor, Debtor's attorney and the Trustee of such relief, and Movant shall have a period of 120 days from the date of such written notice to file a deficiency claim, if any. Upon such relief, any communications or notices required by state law, sent by Movant in connection with proceedings against the Property may be sent directly to the Debtor.

5. In the event that the Debtor's Chapter 13 case is dismissed for any reason within twelve (12) months from the entry date of this Order, the Debtor is hereby prohibited from filing a new Chapter 13 proceeding for the purpose of staying or in any way interfering with the Movant's (or its successor's) completion of a foreclosure of the Property.

6. Movant's attorney's fees and costs of $649.00 shall be added to the plan, and the plan shall be modified as necessary to accommodate this Order.

7. Matthew Crow, attorney for the Debtor, is hereby allowed a non-base attorney's fee of $450.00 to be added to the plan, and the Trustee shall modify the plan as necessary to accommodate this Order.

8. In the event this case is converted to a case under Chapter 7 of the Bankruptcy Code before the conditional relief of this order expires, the Debtor agrees to cure any contractual default, pre- or post-petition, within thirty (30) days of the conversion date. Failure to cure the contractual default within the thirty-day period shall constitute an additional event of default herein. Upon any such default, Movant shall notice the parties under the terms herein and shall be entitled to relief from the automatic stay.

9. This Order shall be effective on the date entered and the stay of the Order pursuant to Bankruptcy Rule 4001(a)(3) is hereby waived.

TO THE FOREGOING WE CONSENT:

/s/ John W. Fletcher III, Attorney for Movant

/s/ Matthew Crow, Attorney for Debtor

NO OBJECTION:

/s/ Jenny P. Holman, Chapter 13 Trustee

This Order has been signed electronically. The judge's signature and court's seal appear at the top of the Order.

United States Bankruptcy Court